873 F.2d 972
 Florence MURRAY; Margaret Murray; Murray & Murray Company,
LPA, Profit-Sharing Plan & Trust; Murray & Murray Company,
LPA, Pension Plan and Trust, on behalf of themselves and all
other shareholders of HCA similarly situated, Plaintiffs-Appellants,
v.
HOSPITAL CORPORATION OF AMERICA; Thomas F. Frist, Jr.; R.
Clayton McWorter; Robert Anderson; Frank Borman; Owen B.
Butler; Frank T. Cary; Barbara M. Clark; Martin
Feldstein; Charles J. Kane; Donald S. MacNaughton;
Charles N. Martin, Jr.; Carl E. Rechardt; Frank S. Royal,
M.D.; Donald V. Seibert; Irving S. Shapiro; John L.
Thornton, M.D.; Joe B. Wyatt, Defendants-Appellees.
 No. 88-5444.
 United States Court of Appeals,
Sixth Circuit.
 Argued Dec. 8, 1988.
Decided May 5, 1989.
 
 On appeal from the United States District Court for the Middle District of Tennessee; Thomas A. Wiseman, Jr., Chief Judge.
 Dennis E. Murray, Sr. (argued), John T. Murray, Dennis E. Murray, Jr., Murray & Murray, Sandusky, Ohio, for Florence Murray, Margaret Murray, Murray & Murray Co., LPA, Profit-Sharing Plan & Trust.
 Walter H. Crouch, Ames Davis, Waller, Lansden, Dortch & Davis, Nashville, Tenn., Jeremy Berman, Samuel Kadet, Thomas J. Schwarz (argued), Skadden, Arps, Slate, Meagher & Flow, New York City, for Hospital Corp. of America, Thomas F. Frist, Jr., R. Clayton McWorter, Robert Anderson, Frank Borman, Owen B. Butler, Frank T. Cary, Barbara M. Clark, Martin Feldstein, Charles J. Kane, Donald S. MacNaughton, Charles N. Martin, Jr., Carl E. Reichardt, Frank S. Royal, M.D., Donald V. Seibert, Irving S. Shapiro, John L. Thornton, M.D., Joe B. Wyatt.
 Before KRUPANSKY and RYAN, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs-appellants Florence and Margaret Murray, as individuals (the Murrays), plaintiffs-appellants Murray & Murray Co., L.P.A., Profit Sharing Plan and Trust and Murray & Murray Co., L.P.A. Pension Plan and Trust Co. (the Plans), have appealed the district court's decision which has dismissed "plaintiffs' Second Amended Complaint for failure to state a claim upon which relief can be granted" and has granted "defendants' motion for summary judgment on the Murrays' supplemental complaint and dismisse[d] the supplemental complaint with prejudice" in this action wherein the appellants have charged the defendants-appellees Hospital Corporation of America (HCA), and certain of its directors and officers with violations of SEC rule 10b-5 promulgated pursuant to Sec. 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. Sec. 78j(b); SEC Rule 13e-4(f)(3) promulgated pursuant to Sec. 13(e)(1) of the Williams Act amendments to the Securities Exchange Act of 1934, 15 U.S.C. Sec. 78m(e)(1); and state law breaches of fiduciary duties.
 
 
 2
 Appellants' 10b-5 cause of action stemmed from its plan of reorganization pursuant to which HCA sold 104 of its hospitals to a corporation managed by former HCA directors and officers. Appellants charged that HCA's purchase of its own securities without a full public disclosure of its planned reorganization constituted a breach of SEC Rule 10b-5. The district court dismissed Murrays' 10b-5 claim because, having failed to allege either a purchase or a sale of HCA shares during the critical period in issue, they lacked standing to initiate their action. The district court did, however, consider the 10b-5 claims of the appellant Plans, albeit that it dismissed those claims because the Plans failed to plead sufficient facts to support "loss causation", i.e., that HCA's asserted fraudulent insider trading and non-disclosures proximataly caused the Plans' pecuniary losses.
 
 
 3
 Briefly summarized, appellants' 13e-4 cause of action is anchored in HCA's tender offer to shareholders inviting the tender of 12 million shares of common stock at a "Dutch Auction." Stockholders were solicited to tender any number of their shares at any price between $47 and $51 per share. HCA retained the option to fix the price per share at which it would accept the tendered shares on the October 19, 1987 expiration date of the offer and within "its sole discretion, at any time and, from time to time, to extend the period during which the offer is open." In the event that HCA's 12 million share tender offer was over-subscribed on its closing date, acceptances would be prorated among participating shares. Appellants assert that as a result of two extensions of the October 22, 1987 expiration date of HCA's tender offer they were damaged because, on October 20, 1987, only 14 million shares had been tendered at $47 per share, as a result of which 86% of their tendered shares would have been accepted, whereas, on January 4, 1988, the date of the twice extended expiration date of HCA's tender offer, a total number of 75 million common shares had been tendered, which substantially reduced the prorata acceptance percentage of individually tendered shares from 86% to 15.75%, arguably in violation of SEC rule 13e-4.
 
 
 4
 This court having renewed the pleadings, the record in its entirety, the briefs of the parties, and the comprehensive opinion of the trial court, in addition to having entertained the oral arguments of legal counsel, is of the considered opinion that the appellants' assignments of error are not well-taken for the reasons articulated in Judge Thomas A. Wiseman, Jr.'s decision which is adopted by this court in its disposition of this case. See Murray v. Hospital Corp. of America, 682 F.Supp. 343 (M.D.Tenn.1988).
 
 
 5
 Accordingly, the judgment of the district court is hereby AFFIRMED.